# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

|  |  |  |
|---|---|---|
| **UNITED STATES OF AMERICA**, | ) ) ) ) ) ) ) ) ) ) ) | Case No. 1:09CR00006 |
| v. |  |  |
|  |  | **OPINION** |
| **TRAVIS NATHANIEL FRANCE**, |  |  |
|  |  | By: James P. Jones |
| Defendant. |  | United States District Judge |

*Travis Nathaniel France, Pro Se Defendant.*

The defendant, a federal inmate, brings this Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C.A. § 2255 (West 2006). Upon review of the record, I find that the motion is without merit and will accordingly dismiss it.

I

A one-count indictment returned February 3, 2009 charged that on August 28, 2008, Travis Nathaniel France possessed with the intent to distribute fifty grams or more of cocaine base, in violation of 21 U.S.C.A. §§ 841(a)(1) and (841(b)(1)(A) (West Supp. 2010). The government filed an Information pursuant to 21 U.S.C.A. § 851, seeking to enhance France's sentence based on his prior felony drug

convictions. On May 29, 2009, France pleaded guilty, pursuant to a written plea agreement, to Count One. As part of the agreement, France waived his right to appeal and to collaterally attack his conviction and sentence. He also stipulated to one prior felony drug conviction, which subjected him to an enhanced penalty pursuant to 21 U.S.C.A. § 841(b)(1)(A). In exchange for the guilty plea, however, the government agreed to dismiss an additional prior conviction from the § 851 Information, which otherwise would have subjected France to a mandatory life sentence. After determining that France understood the charges, the proceedings, and the consequences of his guilty plea and that he was entering the plea voluntarily, the court accepted the plea.

The Presentence Investigation Report ("PSR") determined that France should be held accountable for at least 50 grams of cocaine base, giving him a Base Offense Level of 30, adjusted to 37 because of his status as a Career Offender pursuant to United States Sentencing Manual ("USSG") § 4B1.1, and then reduced by three points for acceptance of responsibility to 34. Because of his Career Offender status, the PSR assigned him a Criminal History Category VI, giving him a sentencing range of 262 to 327 months imprisonment. I sentenced France at the bottom of that range. He did not appeal.

France filed this timely § 2255 motion, alleging (1) that counsel was ineffective for failing to argue that France should be sentenced not for crack cocaine, but for some other form of cocaine base, and (2) that his sentence for crack cocaine is too harsh and should be reduced in light of the recent statutory change reducing the disparity between sentences for cocaine and crack cocaine. Upon review of the record, I find that the § 2255 motion must be summarily dismissed as meritless.

II

To prove that counsel's representation was so defective as to require reversal of the conviction or sentence, a defendant must meet a two-prong standard, showing that counsel's defective performance resulted in prejudice. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). First, the defendant must show that "counsel's representation fell below an objective standard of reasonableness." *Id.* at 687-88. Second, to show prejudice, the defendant must demonstrate a "reasonable probability" that but for counsel's errors, the outcome would have been different. *Id.* at 694-95.

France asserts that counsel should have argued, under *United States v. Davis*, 864 F. Supp. 1303 (N.D. Ga. 1994), that because "cocaine" and "cocaine base" as used in 21 U.S.C.A. § 841(b)(1)(A)(ii) and (iii) refer to substances with the same molecular structure, there is an ambiguity that triggers the rule of lenity and requires

the court to impose the lesser, cocaine powder penalty. The Fourth Circuit, however, rejected the *Davis* rationale in *United States v. Fisher*, 58 F.3d 96, 99 (4th Cir. 1995), holding that clause (ii) of the statute addresses cocaine powder and other forms of cocaine, except for crack cocaine which is expressly separately addressed in clause (iii). The Fourth Circuit also noted that the legislative history of clause (iii) demonstrates that Congress intended to impose harsher penalties for violations involving crack cocaine. *Id.*

The government's evidence indicated that France possessed crack cocaine. The PSR reports that (1) after authorities observed France remove a substance from his pants pocket and throw it over a guardrail, they retrieved it and determined that it was crack cocaine; and (2) authorities obtained audio recordings of conversations that France made while in jail, in which he acknowledged possessing crack cocaine and trying to discard it. In fact, he admitted that his offense involved crack cocaine.[1] In the face of this evidence, France presents no additional facts on which counsel could

---

[1] The probation officer quotes France's admission in the PSR:

I, Travis France, admit that I am guilty of possessing more than 50 grams of a mixture containing crack cocaine. I recognize that I must do better with my life and avoid crimes/drugs. I hope to use my prison time to be free of drugs and obtain job skills and education.

(PSR ¶ 12.)

have argued that the drug France possessed was actually some other form of cocaine base or cocaine powder. Counsel's performance cannot be deemed deficient because he failed to make a meritless objection.

Counsel also reasonably could have believed that the Plea Agreement was the only option that allowed France to escape a mandatory life sentence under § 841(b)(1)(A). Although his sentence was calculated under the Career Offender provision, accepting responsibility for his offense achieved a reduction in the sentencing range — from 360 months to life down to 262 to 360 months imprisonment. For these reasons, I cannot find that counsel's representation was either deficient or prejudicial.

France's second claim states no ground for relief under § 2255. The statutory change to which he refers, the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372 (2010), has not been made retroactive so as to apply to sentences, like France's, which became final before its adoption.

III

Based on the foregoing, the § 2255 motion presents no ground on which the defendant is entitled to relief. Accordingly, I will summarily dismiss the motion, pursuant to Rule 4 of the Rules Governing § 2255 Proceedings.[2]

A separate Final Order will be entered herewith.

DATED: December 9, 2010

/s/ JAMES P. JONES
United States District Judge

---

[2] Pursuant to Rule 4 of the Rules Governing §2255 Proceedings, the court may summarily dismiss a § 2255 motion where "it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case" that the defendant is not entitled to relief.