IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ABINGDON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) Case No. 1:09CR00006 |
| v. | ) OPINION |
| TRAVIS NATHANIEL FRANCE, | ) By: James P. Jones |
| | ) United States District Judge |
| Defendant. | ) |

*Zachary T. Lee*, Assistant United States Attorney, Abingdon, Virginia, for United States; *Brian J. Beck*, Assistant Federal Public Defender, Abingdon, Virginia, for Defendant.

Defendant Travis Nathaniel France, a federal inmate sentenced by this court, has filed a motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2), based upon the two-level reduction in the drug guideline ranges adopted by Amendment 782 to the U.S. Sentencing Guidelines Manual ("USSG") and made retroactive to the defendant's case by USSG § 1B1.10(d).

France contends that he is eligible for a sentence reduction despite being sentenced as a Career Offender, because the Career Offender guideline over-represents his guideline range and a reduction based on the drug offense guidelines is thus warranted. Because USSG § 1B1.10 does not permit sentence reductions where the offender was sentenced as a Career Offender, however, this court has no

authority to reduce France's sentence. Therefore, the motion for a sentence reduction must be denied.

On December 8, 2009, following France's guilty plea pursuant to a written plea agreement, I sentenced him to a 262-month prison term for possessing with intent to distribute 50 grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(b)(1)(A) and 851. France's Offense Level under the drug offense guidelines, including an adjustment for acceptance of responsibility, was 27. However, due to prior felony convictions, France was designated a Career Offender and sentenced under the Career Offender guideline. USSG § 4B1.1(a). With the adjustment for acceptance of responsibility, France's Total Offense Level was 34, with a Criminal History Category of VI, resulting in an advisory imprisonment range of 262 to 327 months. I sentenced France at the bottom of this range to 262 months.

On April 30, 2014, the U.S. Sentencing Commission submitted to Congress a proposed amendment to the Sentencing Guidelines that would revise the guidelines applicable to drug trafficking offenses, effective November 1, 2014. The drug amendment, designated Amendment 782, generally reduces by two levels the offense levels assigned to the drug quantities described in USSG § 2D1.1. On March 12, 2015, France filed a motion to reduce his sentence pursuant to

-2-

Case 1:09-cr-00006-JPJ   Document 80   Filed 04/24/15   Page 2 of 5   Pageid#: 196

authority to reduce France's sentence. Therefore, the motion for a sentence reduction must be denied.

On December 8, 2009, following France's guilty plea pursuant to a written plea agreement, I sentenced him to a 262-month prison term for possessing with intent to distribute 50 grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(b)(1)(A) and 851. France's Offense Level under the drug offense guidelines, including an adjustment for acceptance of responsibility, was 27. However, due to prior felony convictions, France was designated a Career Offender and sentenced under the Career Offender guideline. USSG § 4B1.1(a). With the adjustment for acceptance of responsibility, France's Total Offense Level was 34, with a Criminal History Category of VI, resulting in an advisory imprisonment range of 262 to 327 months. I sentenced France at the bottom of this range to 262 months.

On April 30, 2014, the U.S. Sentencing Commission submitted to Congress a proposed amendment to the Sentencing Guidelines that would revise the guidelines applicable to drug trafficking offenses, effective November 1, 2014. The drug amendment, designated Amendment 782, generally reduces by two levels the offense levels assigned to the drug quantities described in USSG § 2D1.1. On March 12, 2015, France filed a motion to reduce his sentence pursuant to

-2-

Case 1:09-cr-00006-JPJ   Document 80   Filed 04/24/15   Page 2 of 5   Pageid#: 196

Amendment 782. The motion has been fully briefed and is ripe for decision by this court.

Section 3582(c)(2) "does not authorize a sentencing or resentencing proceeding," but instead "provides for the modification of a term of imprisonment by giving courts the power to reduce an otherwise final sentence in circumstances specified by the [Sentencing] Commission." *Dillon v. United States*, 560 U.S. 817, 825 (2010) (internal quotations and alterations omitted). Sentence reductions pursuant to § 3582(c)(2) involve a two-step inquiry. The "court must first determine that a reduction is consistent with § 1B1.10 before it may consider whether the authorized reduction is warranted, either in whole or in part, according to the factors set forth in § 3553(a)." *Id.* at 826. Regarding the first step, "[a] reduction under § 3582(c)(2) "'is not authorized' if an amendment 'does not have the effect of lowering the defendant's applicable guideline range.'" *United States v. Munn*, 595 F.3d 183, 187 (4th Cir. 2010) (quoting USSG § 1B1.10(a)(2)(B)).

It is settled that defendants sentenced under the Career Offender guidelines are not eligible for sentence reductions pursuant to amendments to the drug guidelines. *Id.* ("[A] district court lacks the authority to grant a motion for a reduced sentence under [the applicable amendment] if the defendant seeking the reduction was sentenced pursuant to the Career Offender Provision."). In this case, France's "applicable guideline range was predicated on . . . the Career Offender

Provision . . . rather than on the [drug] Guidelines, such that [the applicable amendment] had no impact on the ultimate sentence." *Id.* In other words, France is not eligible for a sentence reduction because he was sentenced as a Career Offender, and Amendment 782 does not affect the Career Offender guidelines.[1]

France contends that his case falls into a limited exception to this rule, articulated by the Fourth Circuit in *Munn*. The court interpreted § 3582(c)(2) to authorize sentence reductions in cases where the sentencing court designated the defendant as a Career Offender, but ultimately based the sentence on the crack guidelines, based on a finding that the Career Offender guideline over-represented the defendant's criminal history. *Id.* at 189. However, France did not receive a departure from the Career Offender guideline range due to over-representation of his criminal history. Rather, he was sentenced at the bottom of the Career Offender guideline range.

France further argues that the operation of the Career Offender guideline in drug cases is irrational and in violation of the Equal Protection Clause, because it results in disparate, unfavorable outcomes for African Americans. While any such

---

[1] France argues that the limiting language of USSG § 1B1.10 should not be enforced because 18 U.S.C. § 3582(c)(2) provides broad authority for the court to reduce sentences pursuant to guideline amendments. However, this argument is foreclosed by the *Dillon* decision, which unequivocally held that the policy statements issued by the Sentencing Commission in § 1B1.10 are binding. 560 U.S. at 829-30. France's reliance on *Freeman v. United States*, 131 S. Ct. 2685 (2011), is misplaced because that decision addressed sentence reductions where the defendant had previously entered a binding plea agreement pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), and its reasoning is inapplicable here.

disparate outcomes are surely lamentable, France has not presented any evidence that these outcomes are due to constitutionally suspect motives, or that similarly situated white defendants have received favorable treatment. *See United States v. Armstrong*, 517 U.S. 456, 465 (1996) (holding that to show equal protection violation, defendant must show that policy "had a discriminatory effect and that it was motivated by a discriminatory purpose"). To the contrary, the use of criminal history to determine a just sentence is accepted as part of the sentencing guidelines, which assign a Criminal History score to calculate defendants' sentences, and in the sentencing factors articulated in 18 U.S.C. § 3553(a)(1), which include the "history and characteristics of the defendant."

For these reasons, the Motion to Reduce Sentence (ECF No. 76) will be DENIED. A separate Order will be entered herewith.

DATED: April 24, 2015

_____
United States District Judge