# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Case No. 1:09CR00006 |
| v. ) | **OPINION AND ORDER** |
| ) | |
| **TRAVIS NATHANIEL FRANCE,** ) | By: James P. Jones |
| ) | United States District Judge |
| Defendant. ) | |

*Jennifer R. Bockhorst, Assistant United States Attorney, Abingdon, Virginia, for United States; Brian J. Beck, Assistant Federal Public Defender, Abingdon, Virginia, for Defendant.*

The defendant has filed a motion to reduce his sentence pursuant to the First Step Act of 2018, Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5220 (2018) ("2018 FSA" or "Act"), which made retroactive certain provisions of the Fair Sentencing Act of 2010, Pub. L. No. 111-220, § 2, 124 Stat. 2372, 2372 (2010) ("2010 FSA"). I find the defendant eligible for relief, but I will not reduce his sentence of imprisonment.

Section 2 of the 2010 FSA reduced the penalties for offenses involving cocaine base by increasing the threshold drug quantities required to trigger mandatory minimum sentences under 21 U.S.C. § 841(b)(1). After the enactment of the 2010 FSA, a violation of 21 U.S.C. § 841(a)(1) must involve at least 280

grams of cocaine base, rather than 50 grams, to trigger the 10-years-to-life penalty range of 21 U.S.C. § 841(b)(1)(A) and 28 grams of cocaine base, rather than five grams, to trigger the 5-to-40 years penalty range of 21 U.S.C. § 841(b)(1)(B). The 2018 FSA provides that the court may, on motion of the defendant, the Director of the Bureau of Prisons, the attorney for the Government, or the court, impose a reduced sentence as if the 2010 FSA were in effect at the time the defendant's crime was committed. 2018 FSA § 404(b).

Both before and after the 2018 FSA, if the government gives appropriate notice prior to sentencing pursuant to 21 U.S.C. § 851, and the defendant is found to have been previously convicted of one or more certain types of drug crimes, the minimum and maximum terms of imprisonment and minimum terms of supervised release are increased. 21 U.S.C. § 841(b)(1)(A), (B).[1]

While a defendant whose crack cocaine drug crime was committed before August 3, 2010, may be eligible for reduction in sentence, 2018 FSA § 404(a), the Act provides that the court is not required to reduce any sentence, *id.* at § 404(c). Thus, the court must first consider whether the defendant is eligible for a reduction

---

[1] Under § 841(b)(1)(A) as it existed at the time of France's sentencing, the increase was to 20-years-to-life for one prior conviction and life imprisonment for two or more prior convictions. The 2018 FSA did away with mandatory life imprisonment for the third drug offense and reduced the 20-year mandatory minimum for a second drug offense to 15 years. 2018 FSA § 401(a)(2)(A)(i), (ii). The 2018 FSA also revised the type of prior convictions that triggered the increased penalties. *Id.* at § 401(a)(1). None of these changes were made retroactive. *Id.* at § 401(c). The increase for one or more prior convictions under § 841(b)(1)(B) of 10-years-to-life and a minimum of eight years supervised release was not changed.

in sentence. Second, if the defendant is eligible for reduction, the court must determine whether, and to what extent, a reduction is warranted. *Cf. Dillon v. United States*, 560 U.S. 817, 827 (2010) (setting forth procedures for modifying sentences under retroactive guideline amendments). If eligible, a plenary resentencing is not appropriate, since the statute only authorizes the court to impose a "reduced sentence." 2018 FSA § 404(b).

II.

The defendant was indicted in this court on February 3, 2009, and charged with possessing with the intent to distribute 50 grams or more of cocaine base in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A). The United States filed an Information to establish the defendant's prior convictions pursuant to 21 U.S.C. § 851, subjecting him to mandatory life imprisonment.

On June 12, 2009, the defendant pleaded guilty pursuant to a written plea agreement. The United States agreed that only one conviction would apply under 21 U.S.C. § 851, subjecting him to a mandatory minimum of 20 years imprisonment and a maximum of life, and a 10-year term of supervised release. The parties also stipulated that the defendant was a career offender. According to the Presentence Investigation Report ("PSR"), the defendant was held accountable for approximately 82.9 grams of cocaine base. He was determined to have a total offense level of 34 and a criminal history category of VI, yielding a guideline

range of 262 to 327 months imprisonment under the U.S. Sentencing Guidelines Manual ("USSG").

On December 8, 2009, the defendant was sentenced under the advisory guidelines to 262 months imprisonment, to be followed by 10 years of supervised release. He thereafter moved for a reduction in his sentence based upon the USSG's retroactive Amendment 750, which the court denied. Order, Dec. 2, 2011, ECF No. 67, *appeal dismissed,* No. 11,7698 (4th Cir. Feb. 21, 2012). The court also denied France's request for reduction in sentence based upon the USSG's retroactive Amendment 782. *United States v. France*, No. 1:09CR00006, 2015 WL 13158497, at *2 (W.D. Va. Apr. 24, 2015), *aff'd*, 637 F. App'x 733 (4th Cir. 2016) (unpublished). On December 19, 2016, the defendant received an Executive Grant of Clemency from President Obama, reducing his sentence to 188 months incarceration and leaving in effect the 10-year term of supervised release. The Bureau of Prisons calculates his current projected release date to be August 12, 2022. The Probation Office of this court estimates that France has served 10 years and six months of his sentence.

### III.

The United States argues that the defendant is ineligible for a reduction in sentence due to his receipt of an Executive Grant of Clemency. In particular, it contends that because the defendant is serving a presidentially commuted sentence,

he is no longer serving a sentence for an offense for which the statutory penalties were modified by the Fair Sentencing Act; rather, he is serving a new sentence imposed by the President.

However, I find that the Executive Grant of Clemency does not render the defendant ineligible for relief under the 2018 FSA. The Executive Grant states, "I hereby further commute the total sentence of imprisonment . . ., leaving intact and in effect the 10-year term of supervised release with all its conditions and all other components of the sentence." Executive Grant of Clemency 3, ECF No. 98. "In other words, the commutation shortened an existing sentence, it did not impose a new sentence that would place it outside the reach of the First Step Act." *United States v. Dodd*, 372 F. Supp. 3d 795, 798 (S.D. Iowa 2019) (internal quotation marks and citation omitted). In addition, the Fourth Circuit's holding in *United States v. Surratt*, 855 F.3d 218 (4th Cir. 2017), does not implicate the defendant's eligibility for relief under the 2018 FSA. *Surratt* stands for the proposition that "the commutation of a sentence moots a legal challenge to the unlawfulness of the prior sentence when the commutation cures the alleged unlawful defect in that sentence." *Dodd*, 372 F. Supp. 3d at 799. However, defendants moving for reduced sentences pursuant to the 2018 FSA are not challenging the unlawfulness of their sentence; rather, they are seeking additional relief under new statutory authority.

Accordingly, under the 2018 FSA, the new statutory sentencing range, if applied to the defendant with the § 851 Information, is 10 years to life imprisonment and at least eight years of supervised release. 21 U.S.C. § 841(b)(1)(B). The defendant remains a career offender based on an offense of conviction with a statutory maximum of life. Therefore, his guideline range does not change.

IV.

France seeks a reduced sentence of 77 months imprisonment or time served, below his guideline range of 262 to 327 months. However, the government argues that a reduction below France's present sentence of 188 months is not warranted because he remains a career offender and his guideline range has not changed. The government also argues that a reduction is not warranted because France has a significant criminal history.

Because France is eligible for sentence reduction, and in accord with 18 U.S.C. § 3553(a), I agree with the government that I should consider France's offense conduct, as well as any post-conviction rehabilitation or lack thereof, in determining whether or not to reduce a sentence and the extent of any such reduction. *See Pepper v. United States*, 562 U.S. 476, 480 (2011) (noting that it is "highly relevant — if not essential — to the selection of an appropriate sentence

[to possess] the fullest information possible concerning the defendant's life and characteristics") (internal quotation marks, citation and alterations omitted).

I have carefully reviewed France's PSR, which includes his criminal and personal history and his offense conduct. As a result of a traffic stop, France was found in possession of 82.9 grams of crack cocaine. He has a long and persistent criminal history beginning at age 17, including robbery, drug trafficking, possession of a firearm after conviction of a felony, and property crimes. He left school after the ninth grade and has a limited work history.

I have also considered the reports of his behavior while in federal prison. He has engaged in a number of educational programs and obtained his GED. He has no reported disciplinary incidents.

Considering all of these facts, I find that his current term of imprisonment should not be reduced, based upon the serious nature of his crime and his lengthy criminal history. While I recognize that he has behaved well in prison, I find that the other § 3553(a) factors point to retaining his current term of imprisonment.

Accordingly, it is hereby **ORDERED** as follows:

1. The Motion to Reduce Sentence, ECF No. 100, is GRANTED IN PART AND DENIED IN PART;

2. Defendant Travis Nathaniel France's current term of imprisonment is NOT reduced;

3. Upon release from imprisonment, the defendant must serve a term of supervised release of eight years;

4. The sentencing judgment in this case otherwise remains the same; and

5. The Probation Office shall provide a copy of this Opinion and Order to the Bureau of Prison.

ENTER: July 10, 2019

/s/ *James P. Jones*
United States District Judge


3. Upon release from imprisonment, the defendant must serve a term of supervised release of eight years;

4. The sentencing judgment in this case otherwise remains the same; and

5. The Probation Office shall provide a copy of this Opinion and Order to the Bureau of Prison.

 ENTER: July 10, 2019

 /s/ *James P. Jones*
 United States District Judge